IFP submitted

JAVIER RIOS
3400 AVENUE OF THE ARTS #C319
COSTA MESA, CA 92626
(949) 414-1109
In Pro Per

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC - 9 2025
CENTRAL DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA LAKES, LP<br>PLAINTIFF,<br>VS.<br>JAVIER RIOS DOES 1 TO 10 INCLUSIVE<br>DEFENDANT, | **Case No.:** 8:25-cv-02723-MRA-(JDEx)<br><br>**NOTICE OF REMOVAL UNDER [28 USC 1332, 1391, 1441, 1446 (6)] Calif. CCP 430.90]**<br><br>**From The SUPERIOR COURT OF CALIFORNIA Case No. 30-2025-01506244-CL-UD-CJC** |

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, JAVIER RIOS is a party in a California State Court filed in Orange County Superior Court, concerning real property located at 3400 AVENUE OF THE ARTS #C319, COSTA MESA, CA 92626 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, tenant of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the tenant of the premises, Defendant is a bona fide tenant under the "Protecting Tenants Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

TANIA K. CARDOSO #244473
7755 CENTER AVE. SUITE 1100
HUNTINGTON BEACH, CA 92647

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

a. Whereas under California Law, it automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, an eviction may be filed as to any such tenant on more 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA

requires that a full 90 days 'notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fail to allege compliance with the PTFA, serving only a 3-day notice to quit. Thus, in order to evict a bona fide residential tenant of a Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least were the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal*. 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior , and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the

district court has subject matter jurisdiction over the case if

(1) the federal issues are essential to the claims,

(2) there is a substantial federal issue in resolving such issues, and

(3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg*. 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224

F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

a. Defendant JAVIER RIOS is a member of a protected class for whom the statue, the "Protecting Tenants at Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc 500* Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the

PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, JAVIER RIOS is bona fide residential tenant of a landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

Date: 12/09/2025

FAX

Javier Rios

JAVIER RIOS, IN PRO PER

# Exhibit "A"

JAVIER RIOS
3400 AVENUE OF THE ARTS #C319
COSTA MESA, CA 92626
(949) 414-1109
IN PRO PER

**Superior Court, State of California**
**for the County of Orange**

| | |
|---|---|
| LA LAKES, LP<br>PLAINTIFF,<br>VS.<br>JAVIER RIOS DOES 1 TO 10 INCLUSIVE<br>DEFENDANT, | Case No.: 30-2025-01506244-CL-UD-CJC<br><br>**DEFENDANT´S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT** |

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD PLEASE TAKE NOTICE that defendant, JAVIER RIOS, today filed in the office of clerk of the United States District court for the CENTRAL District of California, a Notice and Petition removing the above-captioned pending action to The United States District Court.

**FEDERAL CASE#** ______

Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice "**shall effect the removal and The State Court shall proceed no further unless and until the case is remanded**" by the United States Court for the CENTRAL District of California.

Date: 12/09/2025

Javier Rios FAX
JAVIER RIOS, In Pro Per

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 12/09/2025, he served a copy of:

## NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in COSTA MESA, California.

TANIA K. CARDOSO #244473
7755 CENTER AVE. SUITE 1100
HUNTINGTON BEACH, CA 92647 92868

Kerry Hall FAX

KERRY HALL

Electronically Filed by Superior Court of California, County of Orange, 08/26/2025 03:13:45 PM.
30-2025-01506244-CL-UD-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By D. Cuevas, Deputy Clerk.

**UD-100**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Tania K. Cardoso 244473
FIRM NAME: HC LAW, APC
STREET ADDRESS: 7755 Center Ave. Suite 1100
CITY: Huntington Beach STATE: Ca ZIP CODE: 92647
TELEPHONE NO.: 562-912-7712 FAX NO.: 562-912-7728
EMAIL ADDRESS: Tcardoso@hclawapc.com
ATTORNEY FOR *(name)*: LA Lakes, LP

*FOR COURT USE ONLY*

Dept. C66

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, Ca 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: LA Lakes, LP
DEFENDANT: Javier Rios
[X] DOES 1 TO 10 Inclusive

**COMPLAINT—UNLAWFUL DETAINER***

[X] **COMPLAINT** [ ] **AMENDED COMPLAINT (Amendment Number):**

CASE NUMBER: 30-2025-01506244-CL-UD-CJC

**Jurisdiction *(check all that apply):***

[X] **ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)**
**Amount demanded** [ ] **does not exceed $10,000**
[✓] **exceeds $10,000**
[ ] **ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):***
[ ] **from unlawful detainer to general unlimited civil (possession not in issue).** [ ] **from limited to unlimited.**
[ ] **from unlawful detainer to general limited civil (possession not in issue).** [ ] **from unlimited to limited.**

1. *PLAINTIFF (name each):*

LA Lakes, LP

*alleges causes of action against DEFENDANT (name each):*

Javier Rios , Does 1 to 10 Inclusive

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years. (4) [X] a partnership.
(2) [ ] a public agency. (5) [ ] a corporation.
(3) [ ] other *(specify):*

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
3400 Avenue of The Arts #C319, Costa Mesa, Ca 92626- Orange County

b. The premises in 3a are *(check one)*
(1) [X] within the city limits of *(name of city):* Costa Mesa
(2) [ ] within the unincorporated area of *(name of county):* Orange

c. The premises in 3a were constructed in *(approximate year):* 1987

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

**UD-100**

| PLAINTIFF: LA Lakes, LP<br>DEFENDANT: Javier Rios | CASE NUMBER: |
|---|---|

6. a. On or about *(date):* 06/17/2025
   *defendant (name each):*
   Javier Rios
   (1) agreed to rent the premises as a [ ] month-to-month tenancy [x] other tenancy *(specify):* 1 Year
   (2) agreed to pay rent of $ $3,676.00 payable [X] monthly [ ] other *(specify frequency):*
   (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify):*
   b. This [X] written [ ] oral agreement was made with
   (1) [ ] plaintiff. (3) [ ] plaintiff's predecessor in interest.
   (2) [X] plaintiff's agent. (4) [ ] Other *(specify):*
   c. [X] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [X] Other *(specify):* All Unnamed Occupants
   d. [ ] The agreement was later changed as follows *(specify):*

   e. [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
   f. [X] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
   (1) [ ] *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
   (2) [X] *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7. The tenancy described in 6 *(complete (a) or (b))*
   a. [ ] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):*
   b. [x] is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*
   a. [x] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
   (1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
   (2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each):*

   c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [x] Defendant *(name each):*
   Javier Rios

   was served the following notice on the same date and in the same manner:
   (1) [ ] 3-day notice to pay rent or quit
   (2) [ ] 30-day notice to quit
   (3) [ ] 60-day notice to quit
   (4) [ ] 3-day notice to quit
   (5) [ ] 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
   (6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c) Prior required notice to perform covenants served *(date):*
   (7) [X] Other *(specify):* 3 Day Notice to Pay Rent or Quit in 30 Days

UD-100

| PLAINTIFF: LA Lakes, LP<br>DEFENDANT: Javier Rios | CASE NUMBER: |
|---|---|

9. b. (1) On *(date)*: 08/14/2025 the period stated in the notice checked in 9a expired at the end of the day.
(2) Defendants failed to comply with the requirements of the notice by that date.
c. All facts stated in the notice are true.
d. [x] The notice included an election of forfeiture.
e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
(1) [ ] By personally handing a copy to defendant on *(date)*:
(2) [ ] By leaving a copy with *(name or description)*:
a person of suitable age and discretion, on *(date)*: at defendant's
[ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence
on *(date)*: because defendant cannot be found at defendant's residence or usual place of business.
(3) [x] By posting a copy on the premises on *(date)*: 07/15/2025
[x] ~~AND giving a copy to a person found residing at the premises~~ AND mailing a copy to defendant at the premises
on *(date)*: 07/15/2025
(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
(b) [x] because no person of suitable age or discretion can be found there.
(4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:
(5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
b. [ ] *(Name)*:
was served on behalf of all defendants who signed a joint written rental agreement.
c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
d. [x] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
12. [✓] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ $3,676.00
13. [x] The fair rental value of the premises is $ $122.53 per day.
14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*
15. [x] A written agreement between the parties provides for attorney fees.
16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

Plaintiff has met all applicable requirements of the ordinances.

17. [ ] Other allegations are stated in Attachment 17.
18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: LA Lakes, LP<br>DEFENDANT: Javier Rios | CASE NUMBER: |
|---|---|

19. **PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. [✓] past-due rent of $ $3,676.00
d. [x] reasonable attorney fees.
e. [x] forfeiture of the agreement.
f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [x] damages at the rate stated in item 13 from *date:* 08/01/2025 for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [ ] other *(specify):*

20. [x] Number of pages attached *(specify):* 4

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

21. [ ] *(Complete in all cases.)* An unlawful detainer assistant [X] did **not** [ ] did for compensation give advice or assistance with this form. *(If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date):*

Date: 8/26/2025

Tania K. Cardoso 244473
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PLAINTIFF)